**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

DARYL RICHARDS and LORETTA S. )
BELARDO, on behalf of themselves )
and all others similarly situated, )
                            Plaintiffs, )
                                 )
           v.                  )
                                 )
BANK OF NOVA SCOTIA, )
                    Defendant. )
                                 )

2018-CV-4

**CLASS ACTION**

**JURY TRIAL DEMANDED**

**CLASS ACTION COMPLAINT**

Plaintiffs, on behalf of themselves and all others similarly situated, complain as follows:

**PRELIMINARY STATEMENT**

1.      This is a class action on behalf of Virgin Islands homeowners who have mortgages with the Bank of Nova Scotia ("Scotiabank") and have been denied insurance coverage for hurricane damage under Scotiabank's force-placed insurance policy.

2.      Scotiabank purchases force-placed insurance for a borrower's property when a borrower fails to maintain or renew his or her own coverage.

3.      After Hurricanes Irma and Maria struck the Virgin Islands in September 2017, Scotiabank's borrowers with force-placed insurance contacted Scotiabank to make property damage claims under the force-placed policy.  Scotiabank is the named insured under the policy, so the borrowers could not file their claims directly with the insurer.  However, Scotiabank has a contractual duty to file claims under its force placed policy.  That is because Scotiabank's mortgage agreement obligates Scotiabank to use the

**Class Action Complaint**
*Richards, et al v. Bank of Nova Scotia*
Page 2

proceeds of the policy to repair the borrower's home or to reduce the borrower's loan balance.

4.      Scotiabank has refused to file or process the claims and stonewalled borrowers' attempts to get information about their claims.  As a result, the borrowers cannot repair their hurricane-damaged homes.

5.      On information and belief, Scotiabank has implemented a company-wide policy of refusing to file force-placed claims, either because there is no applicable insurance coverage or because it has a reinsurance obligation or other financial motive for preventing claims from being paid.

6.      It has been five months since the hurricanes and, on information and belief, Scotiabank has not resolved a single claim on behalf of a borrower with force-placed insurance.

7.      Plaintiffs, and on behalf of themselves and similarly situated borrowers, bring claims for violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(m), breach of contract, and breach of the implied covenant of good faith and fair dealing arising out of Scotiabank's unlawful conduct.

**PARTIES**

8.      Plaintiff Daryl Richards is a citizen of St. Croix, Virgin Islands.

9.      Plaintiff Loretta S. Belardo is a citizen of St. Croix Virgin Islands.

10.      Defendant Scotiabank is a Canadian corporation with its principal place of business in Toronto, Ontario.  Scotiabank does business throughout the Virgin Islands.

## JURISDICTION AND VENUE

11.     This is an action under RESPA, 12 U.S.C. § 2605(m).  This court therefore has subject matter jurisdiction under 28 U.S.C. § 1331.

12.      The court has supplemental jurisdiction over plaintiffs' territorial law claims under 28 U.S.C. § 1367.

## FACTUAL ALLEGATIONS

13.     Scotiabank issues and services residential home mortgages on St. Croix, St. Thomas and St. John.

14.     Scotiabank and its borrowers enter into a standard mortgage agreement prepared by Scotiabank.  All of the borrowers' agreements contain substantially the same terms and conditions.  A copy of Scotiabank's standard mortgage agreement is attached asExhibit 1.

15.     Scotiabank's mortgage agreement requires the borrower to maintain hazard insurance on the property securing the mortgage.

16.     Under Scotiabank's standard mortgage agreement, if a borrower's insurance policy lapses, Scotiabank has the right to "force-place" new coverage on the property and then charge the borrower for the cost of coverage.  Scotiabank does not actually purchase forced-placed insurance for the borrower.  Rather, Scotiabank has a master policy already in place and adds the borrower's property to the master policy. Scotiabank is the named insured under the master policy.

17.     When a borrower fails to renew his or her insurance, Scotiabank sends a form letter to the borrower stating that it intends to purchased force-placed insurance and charge the borrower for the premiums.  The letter states that the force-placed

insurance is more expensive than standard homeowner's insurance.  The letter further states that the force-placed insurance may provide benefits to the borrower but is primarily for the benefit of Scotiabank.

18.     Scotiabank's standard mortgage agreement requires the borrower to give Scotiabank notice when his or her property is damaged. The agreement provides that any insurance proceeds will be used to repair the property if the repairs do not compromise Scotiabank's interest in the property.  If the proceeds are not used to make repairs, they must be used to reduce the borrower's loan balance.

19.     After Hurricanes Irma and Maria, Scotiabank's borrowers with force-placed insurance asked Scotiabank to submit claims to its insurer to pay for the repairs to their homes.

20.     Scotiabank has refused to file the force-placed claims.   Plaintiffs are informed and believe that Scotiabank has implemented a company-policy and practice of refusing to file force-placed claims.

## PLAINTIFF DARYL RICHARDS

21.     Daryl Richards owns a home on St. Croix at 40 Estate La Grange.  He has a mortgage with Scotiabank secured by his property.

22.     Richards entered into Scotiabank's standard mortgage agreement when he received his home loan.

23.     Richards failed to maintain his own property insurance.  As a result Scotiabank force-placed insurance on Richard's property.   Richard's force-placed insurance was renewed by Scotiabank in March 2017 at an annual premium of $1,751.

**Class Action Complaint**
*Richards, et al v. Bank of Nova Scotia*
Page 5

24.      Richards' home was damaged by Hurricane Maria.  Richards promptly notified Scotiabank of the damage and asked Scotiabank to submit a claim to its force-placed insurer.

25.      In the five months since the storm, Scotiabank has repeatedly refused to file a claim on Richards' behalf.  In February 2018, Patricia Clendenen, a Scotiabank manager, informed Richards that she has not received permission from Scotiabank to submit his claim.  Richards cannot afford to repair the hurricane damage to his home without the insurance proceeds.

### PLAINTIFF LORETTA S. BELARDO

26.      Loretta S. Belardo owns a home on St. Croix at 246 Estate Campo Rico. She has a mortgage with Scotiabank secured by her property.

27.      Belardo entered into Scotiabank's standard mortgage agreement when she received her home loan.

28.      Belardo failed to maintain her own property insurance.  As a result, Scotiabank force-placed insurance on Belardo's property.

29.      Belardo's home was damaged by Hurricane Maria.  Belardo promptly notified Scotiabank of the damage and asked Scotiabank to submit a claim to its force-placed insurer.

30.      In the five months since the storm, Scotiabank has repeatedly refused to file a claim on Belardo's behalf.   Belardo cannot afford to repair the hurricane damage to her home without the insurance proceeds.

31.     There are no material differences between Scotiabank's actions and practices with respect to Richards and Belardo  and its actions and practices with respect to the putative class.

## CLASS ALLEGATIONS

32.     Plaintiffs bring this action against Scotiabank pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and the following class:

All persons with residential home mortgage loans owned or serviced by Scotiabank on property in the U.S. Virgin Islands who were charged by Scotiabank for force-placed hazard insurance in effect in September 2017 and who submitted to Scotiabank claims for hurricane damage to their home caused by Hurricanes Irma or Maria.

33.     Plaintiffs reserve the right to modify or amend the definitions of the proposed classes before the court determines whether certification is appropriate.

34.     Scotiabank subjected Plaintiffs and the Class members to the same unfair, unlawful, and deceptive practices and harmed them in the same manner.

## A.  Numerosity

35.     The proposed class is so numerous that joinder of all members would be impracticable.  Scotiabank sells and services hundreds of mortgage loans in the Virgin Islands.  The individual Class members are ascertainable, as the names and addresses of all Class members can be identified in the business records maintained by Scotiabank.  There are more than 100 putative class members, and it would be impractical for each member to bring suit individually.  Plaintiffs do not anticipate any difficulties in the management of the class action.

## B. Commonality

36.     There are questions of law and fact that are common to Plaintiffs' and Class members' claims.  These common questions predominate over any questions that go particularly to any individual member of the Class.  Among such common questions of law and fact are the following:

        a.      Whether Scotiabank has a reinsurance or other financial obligation with respect to the payment of force-placed claims;

        b.      Whether Scotiabank's policy and practice of refusing to file claims on behalf of borrowers charged for force-placed insurance violates its standard mortgage agreement.

        c.      Whether Scotiabank violated RESPA by charging plaintiffs and Class members for force-placed insurance that does not provide coverage for their properties.

        d.      Whether Scotiabank breached the implied covenant of good faith and fair dealing by failing to file Plaintiffs' and the Class Members' claims for damage to their homes.

## C. Typicality

37.     Plaintiffs are members of the class they seek to represent.  Plaintiffs' claims are typical of the Class members' claims because of the similarity, uniformity, and common purpose of Scotiabank's unlawful conduct.  Each Class member has sustained, and will continue to sustain, damages in the same manner as Plaintiffs as a result of Scotiabank's wrongful conduct.

## D.      Adequacy of Representation

38.     Plaintiffs are adequate representatives of the Classes they seek to represent and will fairly and adequately protect the interests of those classes.  Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel, experienced in litigation of this nature, to represent them.  There is no hostility between Plaintiffs and the unnamed Class members.  Plaintiffs anticipate no difficulty in the management of this litigation as a class action.

39.     To prosecute this case, Plaintiffs have chosen the undersigned law firm, which is experienced  in class action litigation and has the financial and legal resources to litigate this case.

## E.  Requirements of Fed. R. Civ. P. 23(b)(3)

40.     The questions of law or fact common to Plaintiffs' and each Class member's claims predominate over any questions of law or fact affecting only individual members of the class.  All claims by Plaintiffs and the unnamed Class members are based on Scotiabank's blanket policy and practice of refusing to process or adjust force-placed claims and on Scotiabank's unnecessary charges for a master insurance policy that allegedly does not even cover its own interest in its collateral.

41.     Common issues predominate where, as here, liability can be determined on a class-wide basis, even when there will be some individualized damage determinations.

## F.  Superiority

43.     A class action is superior to individual actions in part because of the non-exhaustive factors listed below:

(a)  The interests of justice will be well served by resolving the common disputes of potential class members in one forum;

(b)   Individual suits may not be cost effective or economically maintainable as individual actions; and

(c)  The action is manageable as a class action.

## G.  Requirements of Fed. R. Civ. P. 23(b)(1) & (2)

44.   Prosecuting separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class.

45.   Defendants have acted or failed to act in a manner generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**COUNT I**
**(VIOLATION OF RESPA)**

46.   Plaintiffs repeat and reallege paragraphs 1-44, above.

47.   At all relevant times, Scotiabank acted as the servicer of plaintiffs' and the Class members' loans.

48.   RESPA, 12 U.S.C. § 2605(m), provides that all charges related to force-placed insurance imposed on the borrower by or through the servicer shall be bona fide and reasonable.

49.   Scotiabank's charges to plaintiffs for force-placed insurance were neither bonafide nor reasonable in that no insurance coverage was obtained or provided in exchange for the charges.

50.     As a result of Scotiabank's violation of RESPA, plaintiffs and the Class have suffered actual and statutory damages in the $2,000 for each class member.

## COUNT II
## (BREACH OF CONTRACT)

51.     Plaintiffs repeat and reallege paragraphs 1-50, above.

52.     Scotiabank has an obligation under the mortgage agreement to file claims made by borrowers who have been charged with force-placed insurance. The agreement provides that the borrower must notify Scotiabank of property damage and that Scotiabank will use the proceeds of the insurance to repair the property or to reduce borrower's loan balance.

53.     Scotiabank has breached the mortgage agreement by implementing a policy of refusing to file plaintiffs' claims with its force-placed insurer.

54.     As a direct result of Scotiabank's breach, plaintiffs and the Class have suffered damages, including the cost of repairs to their homes.

## COUNT III
## (BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)

60.     Plaintiffs repeat and reallege paragraphs 1-59, above.

61.     Scotiabank's mortgage agreement includes an implied covenant of good faith and fair dealing.  Scotiabank is required to perform its contractual obligations in good faith to refrain from interfering with plaintiffs' rights under the agreement.

62.     Scotiabank breached the implied covenant by failing to file plaintiffs' insurance claims, thereby depriving plaintiffs of benefit of the repairs to their property to to which they are entitled under the mortgage agreement or, in the alternative, depriving plaintiffs of a reduction in their loan balance resulting from claims paid under the force placed policy.

**Class Action Complaint**
*Richards, et al v. Bank of Nova Scotia*
Page 11

63.    As a result of Scotiabank's breach of the implied covenant of good faith and fair dealing, plaintiffs and the Class have suffered damages, including the costs of repairs to their homes.

**WHEREFORE**, Plaintiffs, on behalf of themselves and all Class members similarly situated, seek a judgment in their favor awarding actual damages as well as attorney's fees and costs.

Respectfully submitted,

**COLIANNI & COLIANNI LLC**
Attorneys for Plaintiffs

DATED:  February 14, 2018          By:    /s/ Vincent Colianni, II
                                          Vincent Colianni, II
                                          V.I. Bar No. 768
                                          Vincent A. Colianni
                                          V.I. bar No. 13
                                          1138 King Street
                                          Christiansted, VI 00820
                                          Telephone: (340) 719-1766
                                          Facsimile: (340) 719-1770
                                          mailbox@colianni.com