## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| DARYL RICHARDS, LORETTA S. BELARDO, ANGELA TUITT-SMITH, BERNARD A. SMITH, YVETTE ROSS-EDWARDS, AVON CANNONIER, ANASTASIA M. DOWARD AND JOANNA MEYERS,<br>　　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>BANK OF NOVA SCOTIA,<br>　　　　　　　　　　Defendant. | 2018-CV-4 |

### **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

The Plaintiffs' Complaint against the Bank of Nova Scotia ("Scotiabank") should be dismissed pursuant to Fed. R. Civ. P. 12 (b) (1) and (6), because Plaintiffs have failed to state a plausible claim under Federal law, or any claim against Scotiabank upon which relief can be granted. The Complaint fails to state a plausible claim for fraud, much less a claim that alleges fraud with the particularity required by Fed. R. Civ. P. 9(b).

### I.    Summary of Argument

The Complaint is based upon a false premise, supported not by plausible allegations of fact, but only by rumor, speculation and conjecture. Scotiabank has fully complied with its obligations under the Real Estate Settlement Procedures Act ("RESPA")[1] and the mortgage contracts with the Plaintiffs. The Plaintiffs all concede that they failed to insure their mortgaged properties, and as a result, hazard insurance was force placed by Scotiabank, in accordance with the terms of the mortgages. Under force placed insurance ("FPI"), the only named insured is the

---

[1] 12 U.S.C. § 2605.

Case: 1:18-cv-00004-WAL-GWC   Document #: 12   Filed: 04/12/18   Page 2 of 12

**Memorandum Of Law In Support Of Motion To Dismiss**
*Richards et al. v. Bank of Nova Scotia*
Case No. 2018-CV-4
Page 2

mortgagee--Scotiabank.[2] Because the Plaintiffs are not the insureds, they are not parties to the insurance contract, and they do not have the right to directly submit claims for loss to the insurance company or the right to be directly involved in the claims adjustment process.

The Complaint does not contain a single allegation of **fact** to support the outrageous conclusion that Scotiabank violated RESPA by charging premiums but failing to procure FPI insurance. To the contrary, the Plaintiffs concede that they were all notified by Scotiabank that they had been force placed, that they were all told to submit notices of loss to Scotiabank, and that they were all told that the claims for losses due to Hurricanes Irma and Maris were being processed. Compl. ¶¶ 24, 26, 27. Plaintiffs Daryl Richards, Loretta Belardo, Yvette Ross-Edwards, Anastasia Doward, and Joanna Meyers all affirmatively allege that Scotiabank told them the claims were being processed. Compl. ¶¶ 36, 43, 56, 69, 76. Plaintiffs Angela Tuitt-Smith and Avon Cannonier allege only that "Marsh Saldana" told them they were "not insured". Compl. ¶¶ 50, 62. Marsh Saldana Inc., is not an insurance company; it is Scotiabank's insurance broker. Assuming these allegations are true, Marsh accurately informed Tuitt-Smith and Cannonier that they are not insured parties.

The Complaint also fails to disclose that as of March 20, 2018, the date the Complaint was filed, all of the named Plaintiffs had been contacted by insurance adjusters.[3] For all of these reasons, the Complaint should be dismissed.

---

[2] In contrast, when a borrower purchases her own insurance, the named insured is the borrower, and the lender is listed as an additional loss payee.

[3] Plaintiffs and counsel have an obligation under Fed. R. Civ. P. 11 to exercise due diligence and disclose relevant facts. Inspections of most of Plaintiffs' properties were either completed or scheduled before this action was filed, along with the majority of Scotiabank's other FPI properties.

**Memorandum Of Law In Support Of Motion To Dismiss**
*Richards et al. v. Bank of Nova Scotia*
Case No. 2018-CV-4
Page 3

## II. Applicable Legal Standards

### A. Legal Standard Under Rule 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the factual allegations in a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A complaint's sufficiency is evaluated under Fed. R. Civ. P. 8(a) as interpreted by the Supreme Court in its decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 570). A plaintiff must "plead more than the possibility of relief to survive a motion to dismiss," *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009), and cannot rely merely on "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 570.

### B. Legal Standard Under 12(b)(1)

Rule 12(b)(1) motions may be facial or factual challenges to the pleadings. *Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000). The former looks to "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court." *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009) (internal citations omitted). The latter challenges the existence of facts sufficient to confer the requisite subject matter jurisdiction. *Carpet Grp. Int'l. v. Oriental Rug Imps. Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000), *overruled in part on other grounds by Animal Sci. Prods. v. China Minmetals Corp.*, 654 F.3d 462 (3d Cir. 2011). This is a challenge to subject matter jurisdiction prior to the filing of an answer, and is therefore by definition a facial attack. *Askew v. Trs. of the Gen.*

Case: 1:18-cv-00004-WAL-GWC   Document #: 12   Filed: 04/12/18   Page 4 of 12

**Memorandum Of Law In Support Of Motion To Dismiss**
*Richards et al. v. Bank of Nova Scotia*
Case No. 2018-CV-4
Page 4

*Assembly of the Church of the Lord Jesus Christ of Apostolic Faith*, 684 F.3d 413, 417 (3d Cir. 2012) (holding a Rule 12(b)(1) motion brought before discovery is necessarily a facial attack because the facts have not yet been established). *See FirstBank Puerto Rico v. AMJ, Inc.*, Civ. Action No. 2011-063, 2013 WL 4766538, at *2 (D.V.I. Sept. 4, 2013).

In considering a facial challenge to subject-matter jurisdiction under Rule 12(b)(1), all material allegations in the complaint are taken as true. S*ee Taliaferro v. Darby Township. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006) (summarizing the standard for facial attacks under Rule 12(b)(1) as "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court"). The matter must be dismissed if the allegations on the face of the complaint, taken as true, fail to "allege facts sufficient to invoke the jurisdiction of the district court." *Licata v. USPS*, 33 F.3d 259, 206 (3d Cir. 1994); *United States v. Southland Gaming of the Virgin Islands, Inc.*, 182 F.Supp.3d 297 (D.V.I. 2016); *see also Smith v. All Persons Claiming a Present or Future Interest in Estate 13, Friis*, Civ. No. 2011-41, 2017 WL 1175430, at *4 (D.V.I. Mar. 28, 2017), *appeal dismissed sub nom. Smith v. All Persons Claiming a Present or Future Interest*, C.A. No. 17-2005, 2017 WL 5185327 (3d Cir. Sept. 21, 2017).

C. **Additional Requirements of Rule 9(b) To Support a Claim for Fraud**

Plaintiffs' Complaint is based upon a claims for violation of RESPA (Count I), breach of contract (Count II) and fraud (Count III), and therefore must also satisfy the more exacting pleading standard of Rule 9(b), which requires Plaintiffs to "state with particularity the circumstances constituting fraud or mistake." Rule 9(b) requires Plaintiffs "to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard

Case: 1:18-cv-00004-WAL-GWC   Document #: 12   Filed: 04/12/18   Page 5 of 12

**Memorandum Of Law In Support Of Motion To Dismiss**
*Richards et al. v. Bank of Nova Scotia*
Case No. 2018-CV-4
Page 5

defendants against spurious charges of immoral and fraudulent behavior." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984).  At a minimum, this means Plaintiffs must allege "the 'who, what, when, where and how' of the events at issue, 'or otherwise inject precision or some measure of substantiation into a fraud allegation.'" *Whitecap Inv. Corp. v. Putnam Lumber & Exp. Co.*, 2013 WL 1155430, at *13 (D.V.I. Feb. 19, 2013) *report and recommendation adopted in part, rejected in part,* 2013 WL 1155241 (D.V.I. Mar. 21, 2013) (quoting *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 276 (3d Cir. 2006); *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007)).  "Allegations in the form of conclusions or impermissible speculation as to the existence of fraud are insufficient." *Kiskidee, LLC v. Certain Interested Underwriters at Lloyd's of London Subscribing To Policy No. NB043060b*, Civ. Action No. 2009-077, 2012 WL 952752, at *2 (D.V.I. Mar. 21, 2012).

Circumstances of fraud may not be alleged solely on information and belief, or on unsupported speculation.  *Brug v. Enstar Grp., Inc.*, 755 F. Supp. 1247, 1253 (D. Del. 1991).  And "[l]egal conclusions offered in the guise of factual allegations . . . are given no presumption of truthfulness."  *Matheson v. Virgin Islands Cmty. Bank, Corp.*, 297 F. Supp. 2d 819, 825 (D.V.I. 2003).  As the Supreme Court has explained, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

### III.   The Complaint

There are three (3) Counts in Plaintiffs' Complaint. Count I is based upon an alleged violation of RESPA, specifically 12 U.S.C. § 2605(m), which states: "All charges, apart from charges subject to State regulation as the business of insurance, related to force-placed insurance

Case: 1:18-cv-00004-WAL-GWC   Document #: 12   Filed: 04/12/18   Page 6 of 12

**Memorandum Of Law In Support Of Motion To Dismiss**
*Richards et al. v. Bank of Nova Scotia*
Case No. 2018-CV-4
Page 6

imposed on the borrower by or through the servicer shall be bona fide and reasonable." Compl. ¶¶ 12, 94. Subject matter jurisdiction in this Court under 28 U.S.C. § 1331 is based solely on the RESPA claim. *Id.* Count II alleges a breach of contract, and Count III alleges fraud based upon misrepresentations regarding the purchase of FPI covering Scotiabank's interest in the mortgaged properties.[4]

### A.   The Mortgage Contract and FPI

The Scotiabank mortgages at issue use the Virgin Islands-Single Family-Fannie Mae/Freddie Mac Uniform Instrument Form 3054.[5] Under Section 5, Property Insurance, the mortgage contract states that the Borrower "shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage".  Windstorm is included within the term extended coverage. Section 5 also provides that if the Borrower fails to maintain hazard insurance "Lender *may* obtain insurance coverage, at Lender's option and Borrower's expense."[6]  Compl. ¶¶ 15-18 Exh. 1 (sample mortgage).

When a borrower fails to provide the lender with proof of the purchase or renewal of hazard insurance, a reminder notice is sent to the borrower. RESPA and specifically Regulation X, enacted under RESPA at 12 C.F.R. § 1024.37, set forth very specific and detailed notice requirements which must be complied with before and after a lender  purchases a force-placed property policy due to the borrower's failure to comply with the obligation under the mortgage to procure hazard insurance.

---

[4]  Because this is a Motion to dismiss for failure to state a claim, a discussion of the deficiencies in the "Class Allegations" at paragraphs 79-91 is premature at this stage.
[5] See Exhibit 1 to the Complaint.
[6] Emphasis added.

**Memorandum Of Law In Support Of Motion To Dismiss**
*Richards et al. v. Bank of Nova Scotia*
**Case No. 2018-CV-4**
**Page 7**

Plaintiffs do not allege that Scotiabank failed to send any of the required RESPA notices. To the contrary, Plaintiffs allege that they received notices of force placed insurance prior to August 1, 2017, and they received notices that Scotiabank changed loan servicers effective August 1, 2017, and they received notices from Scotiabank that the force placed insurance had been renewed, effective August 1, 2017. Compl. ¶¶ 19, 20, 26. The renewal notice, dated January 30, 2018, advised the borrowers that "because we did not have evidence that you had purchased or renewed hazard insurance" Scotiabank has "insured your property under our master policy". The borrowers were notified that the FPI coverage "protects only the lender's interest in the property pursuant to the mortgage loan".[7] Plaintiffs do not allege that the form of FPI Scotiabank elected to place violates RESPA or the terms of the mortgage.

B.   **The Loss and Adjustment Process**

Hurricanes Irma and Maria hit the USVI on September 6 and 19, 2017. Under the mortgage contract, even if there is FPI, the borrower still has an obligation to "give prompt notice" to the lender of loss.[8] On November 10, 2017, Scotiabank sent letters to all FPI customers inquiring as to whether their mortgaged properties had sustained losses, and providing instructions for submitting a notice of loss. Compl. ¶¶ 24, 27.[9] Plaintiffs Richards, Belardo, Ross-Edwards, Doward, and Meyers all allege that they submitted claims and that Scotiabank told them the claims were being processed. Compl. ¶¶ 36, 43, 56, 69, 76.

Plaintiffs Tuitt-Smith and Cannonier allege that "Marsh Saldana" –no individual or date alleged—told them they were not insured. First Amend. Compl. ¶¶ 50, 62 Marsh Saldana Inc.,

---

[7] A sample copy of the January 30, 2018 Notice of Renewal of Lender Placed Insurance effective August 1, 2017 is attached hereto as **Exhibit 1**.
[8] Hurricane Maria devastated Puerto Rico on September 20, 2018, including Scotiabank's main offices in San Juan, destroying all communication and even interrupting mail service between the islands for a period of time.
[9] A sample copy of the November 10, 2017 letter is attached hereto as **Exhibit 2**.

**Memorandum Of Law In Support Of Motion To Dismiss**
*Richards et al. v. Bank of Nova Scotia*
Case No. 2018-CV-4
Page 8

("Marsh") is not an insurance company. Marsh is Scotiabank's insurance broker. The allegation that Tuitt-Smith and Cannonier were told "by Marsh" they are not "insured parties" even if true, is not inconsistent with the existence of FPI or even relevant. The only insured under the FPI is Scotiabank, therefore the broker would not normally engage in any direct communications with the borrowers regarding the status of adjustment of Scotiabank's claims.

The Complaint alleges that Scotiabank has "falsely" represented that properties were insured, that "there was no force-placed policy" and that Scotiabank has "perpetrated a cover-up and a charade". Compl. ¶¶ 22-25, yet the Complaint is utterly devoid of any *factual* allegations to support these conclusions. The only factual allegations in the Complaint, as outlined above, are that Scotiabank sent all required RESPA notices, requested claims, accepted claims, and assured the borrowers that the claims were being processed. The "fraud" is based upon pure speculation. Plaintiffs simply conclude, with no basis in fact, that fraud is the only possible cause for the delay in processing Scotiabank's FPI claims.

## IV.     Argument

The Complaint fails to meet the facial plausibility standard. A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Conclusory allegations are not facts and are entitled to no deference. In determining whether to grant a motion to dismiss, the Court of Appeals for the Third Circuit instructs courts to conduct a two-part analysis:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, *but may disregard any legal conclusions*. Second, a District Court must then determine whether the facts alleged in the complaint are *sufficient to show that the*

Case: 1:18-cv-00004-WAL-GWC  Document #: 12  Filed: 04/12/18  Page 9 of 12

**Memorandum Of Law In Support Of Motion To Dismiss**
*Richards et al. v. Bank of Nova Scotia*
Case No. 2018-CV-4
Page 9

> *plaintiff has a "plausible claim for relief."* In other words, a complaint must do more than allege the plaintiff's entitlement to relief. *A complaint has to "show" such an entitlement with its facts.*

*Fowler*, 578 F.3d at 210-11 (emphasis added) (internal citations omitted).

Generally, the court is limited to a review of the pleadings when considering a Rule 12(b)(6) motion, however, a court may take into account documents that are relied upon by the plaintiffs in the complaint but are provided to the court by defendant together with a motion to dismiss. *See In re Tutu Wells Contamination Litigation,* 846 F. Supp. 1243, 1273 (D.V.I. 1993). Documents attached to a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) are considered part of the pleadings if they are referred to in the plaintiffs' complaint and are central to their claim. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014); *McCready v. EBay, Inc.,* 453 F. 3d 882, 891 (7th Cir. 2006). A court may consider such documents as it determines whether plaintiffs have failed to state a claim, without converting the motion to dismiss into one for summary judgment. *Schmidt*, 770 F.3d at 249; *Romani v. Shearson Lehman Hutton,* 929 F.2d 875, 879 & n. 3 (1st Cir. 1991); 5 C. Wright & A. Miller, Federal Practice & Procedure § 1327 at 762-63 (1990)). This is because a plaintiff with a legally deficient claim will not be allowed to withstand a motion to dismiss simply by failing to attach the underlying documents upon which the claims are based. *Hughes v. United Parcel Serv., Inc.*, 639 Fed. Appx. 99, 103 (3d Cir. 2016), *citing Pension Benefit Guaranty Corporation v. White Consolidated Industries, Inc.,* 998 F. 2d 1192, 1196 (3d Cir. 1993).

The Court may consider the November 10, 2017 and January 30, 2018 notices attached hereto, as those notices were referenced in the Complaint, but not attached. The only actual facts pled in the Complaint establish that Scotiabank complied with RESPA and the terms of the

Case: 1:18-cv-00004-WAL-GWC Document #: 12 Filed: 04/12/18 Page 10 of 12

**Memorandum Of Law In Support Of Motion To Dismiss**
*Richards et al. v. Bank of Nova Scotia*
Case No. 2018-CV-4
Page 10

mortgages in the placement of the FPI and in the manner in which the losses have been handled since the storms. The unremarkable fact that the process has taken longer than Plaintiffs would like is not sufficient to state a claim under RESPA, nor is it sufficient to state a claim for breach of contract and certainly not for fraud.

Because the Complaint fails on its face to state a claim under RESPA, this Court lacks subject matter jurisdiction over this action, and cannot exercise supplemental jurisdiction over the breach of contract and fraud claims.[10]

The Complaint also fails to state a claim because the Plaintiffs have no damages and no standing. The only party who can assert a claim for damages for the delay in claims adjustment is Scotiabank. Under FPI, the only named insured is the mortgagee--Scotiabank. The Plaintiffs are not named insureds and do not allege that they are. Because the borrowers are not the insured, they are not parties to the insurance contract, and have no contractual right to directly submit claims for loss to the insurance company or to be directly involved in the claims adjustment process. The Plaintiffs do not allege otherwise.

The Plaintiffs are not parties to the insurance contract, nor are they third party beneficiaries. *Alvarado v. Lexington Ins. Co.*, 389 S.W.3d 554 (Tex. Ct. App. 2012). To qualify as third party beneficiaries, the Plaintiffs would have to be able to allege that the policy contains an 'excess loss' or 'residual payment' clause or a clause providing that the insurer will adjust all personal property losses with, and pay any such proceeds to, the homeowner-borrower". *Id*. at 553-54. Courts have "denied third-party beneficiary status when the insurance policy states (1) that it does not provide coverage for loss of use, personal liability, or personal property, (2) that

---

[10] Plaintiffs have not alleged that the Court could exercise diversity jurisdiction under 28 U.S.C. 1332, and likely could not, because Plaintiffs cannot satisfy the amount in controversy requirement.

Case: 1:18-cv-00004-WAL-GWC Document #: 12 Filed: 04/12/18 Page 11 of 12

**Memorandum Of Law In Support Of Motion To Dismiss**
*Richards et al. v. Bank of Nova Scotia*
Case No. 2018-CV-4
Page 11

the mortgagee is the sole insured, (3) that the policy is intended to protect the mortgagee's interest only and not the borrower's, or (4) that all losses will be adjusted with and made payable to the named insured, the mortgage company." *Id*. at 555 (collecting cases).

The Scotiabank mortgages expressly provide that the bank is permitted to insure the property in the amount it chooses, and there is no obligation to provide coverage for personal property losses. *See Custer v. Homeside Lending, Ind.*, 858 So.2d 233, 249 (Ala. 2003); *see also Thomas and Cheryl Koziol, Inc. v. Lasalle Nat. Bank*, A-0849-12T2, 2014 WL 1660381, at *3 (N.J. Super. Ct. App. Div. Apr. 28, 2014) (unreported) (holding that the language of the mortgage permitting the lender to purchase insurance to protect its interest in the property, and not the borrower's interest, did not place an obligation on the lender to procure insurance to protect the borrower's interests). The renewal notices clearly advised the borrowers that the FPI only covered the lender's interest, which was defined as the *lesser* of Appraisal Value, Building Replacement Cost or current mortgage principal.[11]

### V.   Conclusion

The Complaint fails to state a claim for relief under RESPA. Plaintiffs have alleged no facts to support the allegation that the premiums they were charged for FPI were not "bona fide and reasonable". The only actual facts alleged in the Complaint establish that Scotiabank complied with RESPA. The Complaint must be dismissed under Rules 12(b)(1) and (6) for lack of subject matter jurisdiction. For the same reasons, the Complaint fails to state a claim for breach of contract or fraud. Moreover, under the terms of the FPI, Plaintiffs lack standing to assert claims for delay damages based upon the slowness of the adjustment process.

---

[11] *See* **Exhibit 1**.

Case: 1:18-cv-00004-WAL-GWC   Document #: 12   Filed: 04/12/18   Page 12 of 12

**Memorandum Of Law In Support Of Motion To Dismiss**
*Richards et al. v. Bank of Nova Scotia*
**Case No. 2018-CV-4**
**Page 12**

Respectfully Submitted,

DATED: April 12, 2018                **DUDLEY RICH LLP**

By: */s/ Carol Ann Rich*
Carol A. Rich, Esq., V.I. Bar No. 171
Malorie Winne Diaz, Esq., V.I. Bar No. R2049
5194 Dronningens Gade, Suite 3
St. Thomas, VI 00802
Telephone: (340) 774-7676
Facsimile:  (340) 776-8044
crich@dudleylaw.com
mdiaz@dudleylaw.com
*Attorneys for Bank of Nova Scotia*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th of April, 2018, I electronically filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** with the Clerk of the Court using CM/EFC system, which will send a notification of such (NEF) to the following:

Vincent Colianni, II
Vincent A. Colianni
1138 King Street
Christiansted, St. Croix
mailbox@colianni.com

*/s/ Carol Ann Rich*